859 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence BRYANT, Jr., Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary Department of Health and Human
Services, Defendant- Appellee.
 No. 87-2159.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1988.
Decided Sept. 13, 1988.
 
 Redolfo Cejas, II (Lee E. Wilder, Breit, Rutter & Montagna, on brief) for appellant.
 Marjorie Jean Scharpf, Supervisory Assistant, Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Henry E. Hudson, United States Attorney, Raymond A. Jackson, Assistant United States Attorney, on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 WIDNER, Circuit Judge:
 
 
 1
 The plaintiff, Clarence Bryant, Jr., brought this action in the district court, seeking a review of the Secretary of Health and Human Services' (Secretary) denial of Social Security disability insurance benefits. The district court affirmed the Secretary's decision. We vacate and remand for further consideration.
 
 
 2
 Bryant applied for benefits on February 27, 1985. He was born on December 14, 1936. He completed the ninth or tenth grade in school and has been employed during his adult life primarily as a manual laborer, most usually as a longshoreman. This type of work required extensive climbing, lifting, and exposure to the weather. He has not been employed since December 1983.
 
 
 3
 In November of 1983, Bryant was admitted to DePaul Hospital in Norfolk, Virginia for treatment of swollen joints and hands. This condition was diagnosed as seronegative rheumatoid arthritis. He was discharged, with a prescribed regimen of bed rest, physical therapy and aspirin. Bryant attempted a return to his job but was physically unable to carry out his duties. His condition deteriorated despite the fact that he took his prescribed medication at therapeutic level, and he was readmitted to the hospital in January 1984, unable to walk. During this January-February hospital stay, tests showed an elevated sedimentation rate of 102, and Bryant came under the care of Dr. Roger Lidman, a specialist in rheumatology and internal medicine. He was discharged on February 10, 1984, with a diagnosis of probable seronegative rheumatoid arthritis and various other ailments. During an August 1984 examination of Bryant, Dr. Lidman referred Bryant to another physician based on elevated blood sugar range of 278 and 396. Bryant was later diagnosed as having diabetes. Bryant also experienced blood pressure problems as well as obesity. Dr. Lidman examined and treated Bryant in March, April, August, October, November and December of 1984 and February, March and April of 1985. Bryant was later examined by Dr. John Schaefer in November 1984, Dr. Schaefer being the physician to whom Bryant was referred by Dr. Lidman.
 
 
 4
 Bryant was also examined by Dr. Clarkson Meredith in February 1985 and March 1986. He was examined by Dr. A.K. Vaid for a cardiovascular evaluation in September 1985. The evaluation by Dr. Vaid was ordered by the Social Security Administration. The result of all of these examinations is substantially the same diagnosis, Bryant suffers from rheumatoid arthritis, hypertension, obesity and diabetes. Dr. Meredith found that Bryant was functionally illiterate. The physical conditions result in swelling of the joints and extremities, stiffness, pain and an inability to lift, squat or climb. The opinion of all the physicians who examined Bryant and also that of the Secretary is that Bryant is unable to return to his longshoreman duties. There is some disagreement as to the level of light or sedentary work Bryant could undertake. Dr. Lidman, in a letter dated January 21, 1985, opined that Bryant was disabled. Dr. Meredith and Dr. Vaid found Bryant capable of some light work. His condition is capable of being controlled to some degree by the drugs which have been prescribed, although he complains of periodic flare-ups or sudden exacerbations of his various conditions.
 
 
 5
 Bryant's claim was denied on April 4, 1985. After the Administrative Law Judge had denied Bryant's claim, the Appeals Council remanded the case for further proceedings on April 16, 1986. Specifically, the Appeals Council indicated that vocational expert testimony was required if Bryant had non-exertional limitations on his capacity to work. A second hearing was held on May 29, 1986. The vocational expert testified that Bryant could perform light work in the nature of a gate guard, bench assembler or lot attendant and perhaps fork lift operator. On the basis of the vocational expert's testimony, the ALJ again denied the claim. The Appeals Council affirmed, as did the district court. This appeal followed.
 
 
 6
 Our scope of review is narrow. We must uphold the Secretary's decision if it is supported by substantial evidence. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986). As the claimant, Bryant has the burden of proving his disability. 42 U.S.C. Sec. 423(d)(5). A sequential analysis for determining disability is provided in 20 C.F.R. Sec. 404.1520. That analysis is a four step procedure.
 
 
 7
 1) Is the claimant currently employed in substantial gainful activity?
 
 
 8
 2) Does the claimant have a severe impairment?
 
 
 9
 3) Does the impairment meet any of the criteria of Appendix 1 to Sec. 404 Subpart P of 20. C.F.R.?
 
 
 10
 4) If the impairment does not meet the criteria of Appendix 1, can the claimant perform past relevant work? If not, is there sufficient residual capacity for substantial gainful employment?
 
 
 11
 Question 1) must be answered in the negative and question 2) in the affirmative for a finding of disability and the award of benefits. If question 3) is answered in the affirmative, then the claimant is disabled and the analysis is stopped. If question 3) is answered in the negative, then the analysis must proceed to question 4). If the claimant cannot perform his past relevant work, the burden is on the Secretary to show residual capacity for substantial gainful employment. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir.1982).
 
 
 12
 In this case, the ALJ found that Bryant was not gainfully employed and has a severe impairment. The ALJ also found that Bryant was unable to perform his past relevant work. These findings are not contested by the Secretary. The ALJ found that Bryant's impairment did not meet the criteria of Appendix 1, specifically Sec. 1.02 dealing with rheumatoid arthritis, and that Bryant had a capacity for light sedentary work that required a finding of not disabled. These findings are contested by Bryant.
 
 Appendix 1, Sec. 1.02, states:
 
 13
 1.02 Active rheumatoid arthritis and other inflammatory arthritis.
 
 
 14
 With both A and B.
 
 
 15
 A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of affected joints, and clinical activity expected to last at least 12 months; and
 
 
 16
 B. Corroboration of diagnosis at some point in time by either
 
 
 17
 1. Positive serologic test for rheumatoid factor; or
 
 2. Antinuclear antibodies; or
 3. Elevated sedimentation rate; or
 
 18
 4. Characteristic histologic changes in biopsy of synovial membrane or subcutaneous nodule (obtained independent of Social Security disability evaluation). (Emphasis supplied)
 
 
 19
 As to the criteria of Appendix 1, Sec. 1.02, Bryant met all requirements save that of "significant restriction of function of the affected joints." As there was conflicting medical evidence in the record as to how significant was Bryant's restriction of function, we are constrained to accept the ALJ's finding that Bryant did not meet the requirements of Sec. 1.02 as supported by substantial evidence.
 
 
 20
 The decision of the Secretary must nevertheless be vacated as it did not consider whether Bryant qualified under the criteria of Appendix 1, Sec. 10.10 dealing with obesity. Bryant was consistently diagnosed as obese by each treating or examining physician. There is uncertainty in the record as to his height. At one point in the record, for example, his height is listed as 71 inches, and at another as 73 inches. This is significant as his hypertension and limitation of motion in weight bearing joints, for example, might meet the criteria of Sec. 10.10 when combined with his weight if his height is 71 inches. The threshold for obesity qualification under Sec. 10.10 is 328 pounds for 71 inches and 346 pounds for 73 inches. Bryant's weight since October 1984 has ranged from 316 pounds to 345 pounds. For the most part, he has been consistently above the threshold weight for 71 inches and nearly at the threshold weight for 73 inches.
 
 
 21
 We also find that the ALJ's determination of residual capacity should be reconsidered. The principal evidence concerning Bryant's residual capacity was the testimony of the vocational expert. The expert did not examine Bryant, but was afforded an opportunity to examine the record. The specific hypothetical question given to the expert assumed an individual capable of light work with no bending, squatting, climbing, crawling or heavy lifting. The question did not include effects from medication or the effect of weather exposure on Bryant's ability to do the jobs the vocational expert was of opinion he could do. Upon cross-examination, for example, the expert indicated that these would affect Bryant's ability to do some of the jobs given as examples of available work. While we realize that the vocational expert is not required to examine the claimant, we are of opinion that the omission of these factors makes the uncritical acceptance of the testimony erroneous.
 
 
 22
 The Secretary's decision that Bryant does not qualify under the criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 1.02 is supported by substantial evidence.
 
 
 23
 On remand, the question of Bryant's qualification for disability on account of obesity must be reexamined, as well as the testimony of the vocational expert taken again. Of course, at the hearing, the parties may offer such additional evidence as they may be advised is appropriate.
 
 
 24
 VACATED AND REMANDED TO THE DISTRICT COURT FOR FURTHER REMAND TO THE SECRETARY.